UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WHITAKER,<br><br>  Plaintiff,<br><br> v.<br><br>CRANE, et al.,<br><br>  Defendants. | No. 2:13-cv-00505 KJM DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are two amended complaints filed by plaintiff as well as his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. Application to Proceed In Forma Pauperis**

Plaintiff has submitted an incomplete application to proceed in forma pauperis. Plaintiff's application does not contain the certification that must be completed by an authorized prison official and plaintiff has not included a certified copy of his prison trust account statement. Plaintiff will therefore be ordered to submit a new application to proceed in forma pauperis in this action.

/////

/////

1

## II. Plaintiff's Amended Complaints

On March 26, 2013, plaintiff's complaint was dismissed with leave to amend within thirty days because the court was unable to determine the nature of plaintiff's claims. (ECF No. 4.) On April 4, 2013, plaintiff filed an amended complaint using the court's form complaint for a civil rights action. Subsequently, on May 30, 2013, plaintiff filed a handwritten document styled, "Amended Complaint 42 USC 1983 + Exhibits." Nevertheless, the court has reviewed both amended complaints. However, given the allegations set forth therein the nature of plaintiff's claims remain confusing and vague. It appears plaintiff believes the defendants, who are medical and correctional staff at California State Prison - Sacramento, have threatened him with housing or program changes and engaged in unspecified misconduct. However, plaintiff has failed to clarify the nature of that alleged misconduct, the involvement of each named defendant in any misconduct directed at him, and which of his constitutional rights were allegedly violated as a result of that misconduct. Therefore, plaintiff's amended complaints will be dismissed and he will be provided a final opportunity to correct these deficiencies by filing a second amended complaint.

## III. Requirements for a Second Amended Complaint

In his second amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files his second amended complaint, the prior pleadings no longer serve any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III.  Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 13, 2013 application to proceed in forma pauperis (ECF No. 2) is denied without prejudice.

2. Within thirty days from the service of this order, plaintiff shall file a new application to proceed in forma pauperis and include a certified copy of his trust account statement.

3. Plaintiff's amended complaints filed on April 4, 2013 and May 30, 2013 (ECF No. 7 & 10) are dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided with this order and answer each question.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action and the application to proceed in forma pauperis by a prisoner.

6. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated:  October 2, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
whit505.14sec