UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WHITAKER,<br><br>          Plaintiff,<br><br>     v.<br><br>CRANE, et al.,<br><br>          Defendants. | No. 2:13-cv-00505 KJM DAD P<br><br>ORDER |

Plaintiff is a state prisoner at California State Prison-Sacramento (CSP-SAC), proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Presently pending is the court's screening of plaintiff's Second Amended Complaint (SAC), pursuant to 28 U.S.C. § 1915A, and plaintiff's motion for a temporary restraining order. For the reasons set forth below, plaintiff's motion for a temporary restraining order is denied, his Second Amended Complaint is dismissed and plaintiff is granted leave to file a Third Amended Complaint.

I. Background

On October 3, 2012, this court directed plaintiff to file, within thirty days, a new application to proceed in forma pauperis that included a certified copy of his prison trust account statement. (See ECF No. 15.) In addition, the court dismissed plaintiff's amended complaints filed April 4, 2013 and May 30, 2013, and directed plaintiff to file, within thirty days, a SAC that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and

the Local Rules of Practice. (Id.) The court informed plaintiff of the following (id. at 2):

> [T]he court has reviewed both amended complaints. However, given the allegations set forth therein the nature of plaintiff's claims remain[s] confusing and vague. It appears plaintiff believes the defendants, who are medical and correctional staff at California State Prison-Sacramento, have threatened him with housing or program changes and engaged in unspecified misconduct. However, plaintiff has failed to clarify the nature of that alleged misconduct, the involvement of each named defendant in any misconduct directed at him, and which of his constitutional rights were allegedly violated as a result of that misconduct. Therefore, plaintiff's amended complaints will be dismissed and he will be provided a final opportunity to correct these deficiencies by filing a second amended complaint.

Plaintiff was further informed that "failure to comply with this order will result in a recommendation that this action be dismissed without prejudice." (Id. at 3.) Thereafter, the court granted plaintiff's request for an extension of time to file a SAC. (ECF No. 19.)

II. Screening of Second Amended Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

On December 5, 2013, plaintiff timely filed his SAC. (ECF No. 20.) On December 11, 2013, plaintiff filed "exhibits." (ECF No. 21.) Finally, on February 6, 2014, plaintiff filed a statement informing the court that he had been moved to the Secure Housing Unit (SHU), and denied an "Olsen review"[1] of his central file. (ECF No. 22.) However, plaintiff has still not submitted a new and properly completed application to proceed in forma pauperis.

The court has nevertheless reviewed plaintiff's SAC, exhibits and recent statement. Plaintiff alleges that he was placed in a "Mental Health Crisis Bed" (MHCB) in retaliation for filing an administrative grievance against Correctional Officer (CO) Crane, and that correctional

---

[1] An "Olsen review" is an administrative process that provides prisoners with access to non-confidential information in their central files and medical records. See 15 C.C.R. § 3450 ("Personal Information Record Access and Amendment").

2

officials then refused to process plaintiff's administrative grievance. Specifically, plaintiff alleges that, on August 23, 2012, he engaged in a heated verbal exchange with CO Crane, who would have assaulted plaintiff if CO Brown had not intervened. When plaintiff filed an administrative grievance against Crane, Lieutenant Jones refused to process it and locked plaintiff up in retaliation for plaintiff's complaints against CO Crane. Thereafter, plaintiff was placed in a MHCB by CO Brown, social worker Henriques, and clinician Wallis,[2] also in retaliation for plaintiff's filing of the administrative grievance against CO Crane. In his complaint plaintiff alleges that he had not yet obtained an "Olsen review" of his medical records. Plaintiff seeks $100,000 each in compensatory and punitive damages.

Like his previously filed complaints, the SAC now pending before the court fails to articulate an actionable claim for relief against any defendant. For this reason, plaintiff's SAC must be dismissed.

III.  Leave to File Third Amended Complaint

"Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (quoting Lopez v. Smith, 203 F.3d 1122, 1130, 1131 (9th Cir. 2000) (en banc) (internal citation omitted)). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

This action was initiated by plaintiff over sixteen months ago and he has been previously instructed by the court regarding the nature of the deficiencies in his previously filed complaint. Nonetheless, out of an abundance of caution, plaintiff will be granted one final opportunity to file an amended complaint that contains legally cognizable claims. However, plaintiff is also informed that the court will not review any Third Amended Complaint he may elect to file unless he also submits a new and properly completed in forma pauperis application. Failure to file a properly completed in forma pauperis will result in the dismissal of this action.

---

[2] Plaintiff's exhibits include progress reports concerning his MHCB placement that are variously signed by K. Henriques, LCSW; Wallis, LCSW; F. Weber, Ph.D.; and A. Hall, Psy. D.

3

If plaintiff submits a new and properly completed in forma pauperis application and elects to file a Third Amended Complaint, he should be guided by the following principles. First, plaintiff must carefully allege, in a Third Amended Complaint (TAC), how the specific conduct of each defendant violated plaintiff's identified constitutional rights. Plaintiff must allege facts explaining exactly when and how he was harmed by the challenged conduct of each defendant. It would also be helpful for plaintiff to set forth a chronology of the challenged events, which identifies the challenged conduct of each defendant, and explains how this alleged conduct harmed plaintiff. Second, in setting forth his factual allegations, and identifying his legal claims, plaintiff should consider the following legal standards.

To state a First Amendment retaliation claim, plaintiff must allege plausible facts that support the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted). Direct and tangible harm will support a First Amendment retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. Id. at 568 n.11; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). The alleged retaliatory action need not, in itself, constitute a constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). Rather, the interest asserted in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive. However, not every allegedly adverse action will support a retaliation claim. See e.g. Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (a retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).

1    Filing administrative grievances and initiating litigation are constitutionally protected
2 activities, and it is impermissible for prison officials to retaliate against prisoners for engaging in
3 those activities. Rhodes, 408 F.3d at 567-68.  However, a prisoner has no constitutional right to a
4 favorable or effective grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
5 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance
6 procedure") (citation omitted); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (a "prison
7 grievance procedure is a procedural right only, it does not confer any substantive right upon the
8 inmates") (internal punctuation omitted).  To the extent that plaintiff may be attempting to state a
9 due process claim predicated on defendants' alleged failure to process his inmate grievances,
10 plaintiff is informed that even the failure of prison officials to implement an administrative
11 appeals process fails to raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th
12 Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.") (Citations
13 omitted.)

14    If plaintiff was prevented by correctional staff from exhausting his administrative
15 grievance, that conduct may excuse plaintiff from the requirement that he exhaust his
16 administrative remedies before filing a civil action. See e.g. Griffin v. Arpaio, 557 F.3d 1117,
17 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)).  Such conduct may also give rise to an
18 actionable claim if plaintiff was thereby denied access to the courts with resulting injury.  To state
19 a denial of access claim under the First Amendment, a prisoner must show that he suffered an
20 "actual injury" as a result of defendant's action, by alleging facts explaining how the challenged
21 official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis
22 v. Casey, 518 U.S. 343, 351-55 (1996).  Actual injury may be shown if the challenged conduct
23 "hindered his efforts to pursue a legal claim," such as having his complaint dismissed for "for
24 failure to satisfy some technical requirement." Id. at 351.

25    Finally, plaintiff's various allegations that the named defendants violated state regulations
26 and statutes do not appear to assert any cognizable federal claim under 42 U.S.C. § 1983. See
27 e.g. Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998) ("state law
28 violations do not, on their own, give rise to liability under § 1983") (citation omitted); Lovell v.

5

1  Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) ("Section 1983 limits a federal court's
2  analysis to the deprivation of rights secured by the federal 'Constitution and laws'" (citing 42
3  U.S.C. § 1983).  State laws give rise to a liberty interest protected by the Due Process Clause of
4  the federal constitution only if they impose an "atypical and significant hardship on the inmate in
5  relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).
6  IV.  Motion for Temporary Restraining Order
7       Plaintiff's motion for temporary restraining order, filed September 24, 2013, broadly
8  seeks a "TRO against all CDCR staff employed at CSP-SAC," on the ground that plaintiff
9  "believe[s] that [he is] in imminent danger." (ECF No. 16 at 1.)  Plaintiff's motion is difficult to
10 decipher but appears to allege in part that "CO Wong refused plaintiff medical treatment stating
11 you can't get medical treatment unless your [sic] dying . . . ." (id. at 2); that when plaintiff "raised
12 hell" in the prison library, he was "placed under arrest + placed in holding cage, + made to take a
13 shot of psychotropic medication . . . ." (id.); that plaintiff was placed on the yard with gang
14 enemies (id. at 3-4); and that plaintiff is "supposed to be" (but is not) assigned to the "SNY EOP"
15 (Sensitive Needs Yard / Enhanced Outpatient Program") (id. at 5).  Attached to plaintiff's motion
16 are two Classification Chronos, dated July 12, 2012 and June 2, 2011, and a Mental Health
17 Interdisciplinary Progress Note, dated June 28, 2011.  These reports provide in part that, in July
18 2012, plaintiff was serving a SHU term for battery on a peace officer, but was released to the
19 general population subject to his agreement to temporarily suspend his SNY concerns and
20 program in the A-Facility EOP general population program.  (ECF No. 16 at 8.)  Previously, in
21 June of 2011, plaintiff was diagnosed with schizoaffective disorder, bipolar type, and considered
22 a moderate risk of danger to others (id. at 10), and it was determined that he would stay in the
23 SHU because he remained a threat to the safety and security of the institution (id. at 9).
24      Plaintiff's motion for a temporary restraining order is also directed to three separate cases:
25 (1) the present action; (2) Whitaker v. Daley et al., Case No. 2:13-cv-00501 GEB DAD P; and (3)
26 Whitaker v. Jaffe et al., Case No. 13-15547, in which plaintiff is pursuing an appeal to the Ninth
27 Circuit Court of Appeals from another of his cases filed in this court, Whitaker v. Jaffe et al.,
28 /////

Case No. 2:10-cv-01400 KJM EFB P.[3]  Review of the dockets in these other cases[4] indicates that the motion was not filed in the Ninth Circuit Court of Appeals.  Plaintiff's motion was filed in Whitaker v. Daley et al., Case No. 2:13-cv-00501 GEB DAD P, was denied by the undersigned as premature.  (See id., ECF No. 22 at 7-8.)  That same reasoning applies to the identical motion filed in the instant case.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  However, a request for temporary restraining order is premature if sought before plaintiff has stated a claim upon which relief can be granted, and identified defendants whose conduct may be restrained by court order.  The court cannot issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); see also Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Accordingly, the court will deny plaintiff's request for a temporary restraining order at this time as premature.

/////

/////

/////

---

[3] On June 18, 2014, the Ninth Circuit Court of Appeals issued a memorandum decision affirming the district court's grant of summary judgment in favor of defendants on plaintiff's deliberate indifference claims.  See Whitaker v. Jaffe et al., Case No. 13-15547 (9th Cir. 2014) (ECF No. 30-1); also filed in Whitaker v. Jaffe et al., Case No. 2:10-cv-01400 KJM EFB P (ECF No. 135).  The mandate in that case issued on July 16, 2014.  (Id., ECF No. 136.)

[4] This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a temporary restraining order (ECF No. 16), is denied as premature.

2. Plaintiff shall, within thirty days after the filing date of this order, file a completed in forma pauperis application that includes a certified copy of plaintiff's prison trust account statement for the preceding six-month period.[5]

3. Plaintiff's Second Amended Complaint (ECF No. 20), is dismissed with leave to amend.

4. Plaintiff shall, within thirty days after the filing date of this order, file a Third Amended Complaint, that is so labeled and bears the docket number assigned to this case.

5. Failure of plaintiff to timely file a new and properly completed application to proceed in forma pauperis and a Third Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. The Clerk of Court is directed to send plaintiff, together with a copy of this order, the following: (1) a blank application form used by prisoners in this district to apply for in forma pauperis status; and (2) a blank complaint form used by prisoners in this district to pursue a civil rights action.

IT IS SO ORDERED.

Dated: August 1, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
whit0505.sac.tro

---

[5] As a general rule, a plaintiff seeking to proceed in forma pauperis must submit a his trust account statement that demonstrates the "average monthly balance . . . for the 6-month period immediately preceding the filing of the complaint. . . ." 28 U.S.C. § 1915(b)(1)(B). In the present case, plaintiff may submit a statement that recounts his average monthly balance for the 6-month period preceding the filing of his Third Amended Complaint.