1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH WHITAKER,                         No.  2:13-cv-00505 KJM CKD P (TEMP)

12              Plaintiff,

13        v.                                  FINDINGS & RECOMMENDATIONS

14   CRANE, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed

18   pursuant to 42 U.S.C. § 1983. Plaintiff's fourth amended complaint is before the court for

19   screening.

20   **I.     Screening Requirement**

21        The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion

22   thereof, that may have been paid, the court shall dismiss the case at any time if the court

23   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

24   granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

25   **II.    Pleading Standard**

26        Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

27   immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

28   Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of

                                              1

substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.    Plaintiff's Amended Complaints

Plaintiff initiated this action on March 13, 2013. (ECF No. 1.) On March 26, 2013, plaintiff's complaint was dismissed with leave to amend on the ground that the allegations were so vague and conclusory that the court was unable to determine whether the action is frivolous or fails to state a claim. (ECF No. 4.)

Thereafter, plaintiff filed two first amended complaints: on April 4, 2013, plaintiff filed an amended complaint using the court's form complaint for a civil rights action, and on May 30, 2013, plaintiff filed a handwritten document styled, "Amended Complaint 42 USC 1983 + Exhibits." (ECF Nos. 7, 10.) Out of an abundance of caution, the court reviewed both of these pleadings and determined that plaintiff again failed to state a claim because he failed to clarify the nature of the alleged misconduct, the involvement of each named defendant, and which of his constitutional rights were allegedly violated as a result of the misconduct. (ECF No. 15.) Plaintiff was granted leave to amend.

////

2

On December 5, 2013, plaintiff filed a second amended complaint alleging that he had been placed in a "Mental Health Crisis Bed" ("MHCB") in retaliation for filing a grievance against Correctional Officer ("CO") Crane, and that correctional officials then refused to process plaintiff's administrative grievances. (ECF No. 20.) The court dismissed this pleading on August 4, 2014, for failure to state a claim, noting that plaintiff failed to cure the deficiencies previously identified. (ECF No. 23.) Plaintiff was then granted one final opportunity to file an amended complaint that states legally cognizable claims.

On December 17, 2014, plaintiff filed a third amended complaint. (ECF No. 26.) After plaintiff's motion to amend was granted on September 23, 2015, he filed the operative fourth amended complaint on October 19, 2015. (ECF No. 41.) This pleading is now before the court for screening.

**IV.    Allegations in Fourth Amended Complaint**

At all times relevant to this action, plaintiff was housed at California State Prison in Represa, California. He names Psychologist C.F. Weber, Psychiatrist Dr. Bowerman, Sergeant (now a Lieutenant) Jones, Lt. Johnson, Captain (or Lieutenant) Jones, and LCSW K. Henriquez.

Plaintiff fourth amended complaint is factually sparse. He alleges that after Sgt. Jones accused plaintiff of threatening him, Lt. Jones, Lt. Johnson and LCSW Henriquez placed plaintiff in a mental health crisis bed for over 46 days. He then claims that (1) Dr. Bowerman signed the transfer order, (2) K. Henriquez made the referral order, (3) Lt. Johnson signed the change of bed order, (4) Lt. Jones made a rough draft of a rules violation report, (5) F. Weber showed (or drafted) an interdisciplinary chronicle, (6) Capt. Jones never provided plaintiff with a copy of the lock up order, and (7) Capt. Jones did not provide plaintiff with a copy of a hearing within 72 hours of it, in violation of prison regulations.  Plaintiff claims this conduct violated his Due Process and Equal Protection rights, and the defendants abused the psychiatric codes of law and the judicial system.  Plaintiff seeks $300,000 in damages.

**V.    Discussion**

**1.    Due Process**

Plaintiff's fourth amended complaint can be construed as a stating a due process claim

3

against Sgt. Jones and Lt. Jones for making a false allegation or drafting a false rules violation report. Prisoners, however, do not have a right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections ... are provided."). Assuming plaintiff intended to state a claim against certain defendants for falsely accusing him of threatening Sgt. Jones, he fails to state a claim.

As for plaintiff's allegation that some of the defendants violated plaintiff's due process in relation to a hearing on the rules violation report, those claims are far too vague and conclusory to state a claim. In general, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). An inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action, id. at 564-65; (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985). Though plaintiff asserts that he did not receive a notice of a hearing within 72 hours, he does not clarify what this hearing was for, whether he ever received notice of the hearing at all, or even whether a hearing was ever ultimately held. Furthermore, assuming a

1   hearing was held, he does not allege that he did not receive a written statement by the hearing

2   officer, that he was denied the opportunity to call witnesses or submit evidence, that he required

3   but was denied assistance at the hearing, or that the hearing officer was not a sufficiently

4   impartial fact finder. Accordingly, plaintiff's due process claims fail.

5           **2.     Retaliation**

6           Although plaintiff does not state a due process claim, "prisoners may still base retaliation

7   claims on harms that would not raise due process concerns." Hines v. Gomez, 108 F.3d 265, 269

8   (9th Cir. 1997). Inmates have a right to be free from the filing of false disciplinary charges in

9   retaliation for the exercise of constitutionally protected rights. Watison v. Carter, 668 F.3d 1108,

10  1115 (9th Cir. 2012); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Allegations of

11  retaliation against a prisoner's First Amendment rights to speech or to petition the government

12  may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see

13  also Pratt, 65 F.3d at 806.

14          "Within the prison context, a viable claim of First Amendment retaliation entails five

15  basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

16  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

17  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

18  correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Prisoner retaliation

19  claims should be evaluated in light of Sandin v. Conner, 515 U.S. 472 (1995), in which the

20  Supreme Court expressed disapproval of excessive judicial involvement in day-to-day prison

21  management. Pratt, 65 F.3d at 807.

22          Plaintiff's pleading may be liberally construed as stating a First Amendment retaliation

23  claim against Lt. Jones, Lt. Johnson and LCSW Henriquez for transferring plaintiff to a mental

24  health crisis bed in response to plaintiff's alleged threats against Sgt. Jones.  But without more

25  facts, it is impossible to determine whether plaintiff states a claim because the nature of the threat

26  is unclear.  Prison inmates retain only those First Amendment rights that are not inconsistent with

27  their status as prisoners or with the legitimate penological objectives of the corrections system.

28  Pell v. Procunier, 417 U.S. 817, 822 (1974); see also Beard v. Banks, 548 U.S. 521, 529 (2006)

1   (factors for determining whether prison regulation is reasonably related to a legitimate

2   penological interest).  Assuming plaintiff verbally threatened Sgt. Jones, such a threat is protected

3   conduct only in certain situations.  See, e.g., Johnson v. Carroll, 2012 WL 2069561, at *33-34

4   (E.D. Cal. June 7, 2012) (collecting cases).  On the facts alleged, the court cannot make a

5   determination as to whether plaintiff states a claim.

6         **3.**      **Equal Protection**

7         The Equal Protection Clause of the Fourteenth Amendment requires that persons who are

8   similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432,

9   439 (1985).  An equal protection claim may be established in two ways.  The first method

10  requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff

11  on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los

12  Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir.

13  2003) ("Intentional discrimination means that a defendant acted at least in part *because of* a

14  plaintiff's protected status."). Under this theory of equal protection, the plaintiff must show that

15  the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race,

16  religion, or alienage.  Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001).

17        If the action in question does not involve a suspect classification, a plaintiff may establish

18  an equal protection claim by showing that similarly situated individuals were intentionally treated

19  differently without a rational relationship to a legitimate state purpose. Vill. of Willowbrook v.

20  Olech, 528 U.S. 562, 564 (2000); San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 40

21  (1973); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).  To state

22  an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a

23  member of an identifiable class; (2) the plaintiff was intentionally treated differently from others

24  similarly situated; and (3) there is no rational basis for the difference in treatment.  Willowbrook,

25  528 U.S. at 564.

26        Finally, plaintiff claims that his Equal Protection rights have been violated by the

27  defendants' conduct.  This claim fails because plaintiff does not allege membership in any sort of

28  class, let alone a protected class, and he further fails to allege how he was treated differently than

1  similarly situated individuals.

2  **VI.    Conclusion**

3       Plaintiff was previously notified of the applicable legal standard and the deficiencies in his

4  pleadings, and despite guidance from the court, plaintiff's fourth amended complaint again fails

5  to state a claim.  The court is thus persuaded that plaintiff is unable to allege any additional facts

6  that would support a claim for a violation of his rights and further amendment would be futile.

7  See Hartmann v. Cal. Dep't of Corr., 707 F.3d 1114, 1123 (9th Cir. 2012) ("A district court may

8  deny leave to amend when amendment would be futile.")

9       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without

10  leave to amend for failure to state a claim.

11       These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties. Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

16  shall be served and filed within seven days after service of the objections. The parties are advised

17  that failure to file objections within the specified time may waive the right to appeal the District

18  Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  Dated:  April 21, 2016

20  _____
        CAROLYN K. DELANEY
21       UNITED STATES MAGISTRATE JUDGE

22

23  /mb;whit0505.f&r.dism

24

25

26

27

28

7